# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of September, two thousand nineteen.

PRESENT:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*,
> JANE A. RESTANI,[*]
> *Judge*.

---

IN RE: PETROBRAS SECURITIES LITIGATION

---

WILLIAM THOMAS HAYNES, AS TRUSTEE FOR THE BENEFIT OF W THOMAS AND KATHERINE HAYNES IRREVOCABLE TRUST FOR THE BENEFIT OF SARA L HAYNES,

> *Objector-Appellant*,

v.                                                  No. 18-2708

UNIVERSITIES SUPERANNUATION SCHEME LIMITED,

---

[*] Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

EMPLOYEES RETIREMENT SYSTEM OF THE STATE OF HAWAII, NORTH CAROLINA DEPARTMENT OF STATE TREASURER,

*Plaintiffs-Appellees,*

AURA CAPITAL LTD., DIMENSIONAL EMERGING MARKETS VALUE FUND, DFA INVESTMENT DIMENSIONS GROUP INC., ON BEHALF OF ITS SERIES EMERGING MARKETS CORE EQUITY PORTFOLIO, EMERGING MARKETS SOCIAL CORE EQUITY PORTFOLIO AND T.A. WORLD EX U.S. CORE EQUITY PORTFOLIO, DFA INVESTMENT TRUST COMPANY, ON BEHALF OF ITS SERIES THE EMERGING MARKETS SERIES, DFA AUSTRIA LIMITED, SOLELY IN ITS CAPACITY AS RESPONSIBLE ENTITY FOR THE DIMENSIONAL EMERGING MARKETS TRUST, DFA INTERNATIONAL CORE EQUITY FUND, AND DFA INTERNATIONAL VECTOR EQUITY FUND BY DIMENSIONAL FUND ADVISORS CANADA ULC SOLELY IN ITS CAPACITY AS TRUSTEE, DIMENSIONAL FUNDS PLC, ON BEHALF OF ITS SUB-FUND EMERGING MARKETS VALUE FUND, DIMENSIONAL FUNDS ICVC, ON BEHALF OF ITS SUB-FUND EMERGING MARKETS CORE EQUITY FUND, SKAGEN AS, DANSKE INVEST MANAGEMENT A/S, DANSKE INVEST MANAGEMENT COMPANY, NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, NEW YORK CITY POLICE PENSION FUND, BOARD OF EDUCATION RETIREMENT SYSTEM OF THE CITY OF NEW YORK, TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW YORK, NEW YORK CITY FIRE DEPARTMENT PENSION FUND, NEW YORK CITY DEFERRED COMPENSATION PLAN, FORSTA AP-FONDEN, TRANSAMERICA INCOME SHARES, INC., TRANSAMERICA FUNDS, TRANSAMERICA SERIES TRUST, TRANSAMERICA PARTNERS PORTFOLIOS, JOHN HANCOCK VARIABLE INSURANCE TRUST, JOHN HANCOCK FUNDS II, JOHN HANCOCK SOVEREIGN BOND FUND, JOHN HANCOCK BOND TRUST, JOHN HANCOCK STRATEGIC SERIES, JOHN HANCOCK INVESTMENT TRUST, JHF INCOME SECURITIES TRUST, JHF INVESTORS TRUST, JHF HEDGED EQUITY & INCOME FUND, ABERDEEN EMERGING MARKETS

2

EQUITY FUND, ABERDEEN GLOBAL EQUITY & INCOME FUND, ABERDEEN GLOBAL NATURAL RESOURCES FUND, ABERDEEN INTERNATIONAL EQUITY FUND, EACH A SERIES OF ABERDEEN FUNDS; ABERDEEN CANADA EMERGING MARKETS FUND, ABERDEEN CANADA SOCIALLY RESPONSIBLE GLOBAL FUND, ABERDEEN CANADA SOCIALLY RESPONSIBLE INTERNATIONAL FUND, ABERDEEN CANADA FUNDS EAFE PLUS EQUITY FUND AND ABERDEEN CANADA FUNDS GLOBAL EQUITY FUND, EACH A SERIES OF ABERDEEN CANADA FUNDS, ABERDEEN EAFE PLUS ETHICAL FUND, ABERDEEN EAFE PLUS FUND, ABERDEEEN EAFF PLUS SRI FUND, ABERDEEEN EMERGING MARKETS EQUITY FUND, AND ABERDEEN GLOBAL EQUITY FUND, EACH A SERIES OF ABERDEEN INTITUTIONAL C, ABERDEEN FULLY HEDGED INTERNATIONAL EQUITIES FUND, ABERDEEN INTERNATIONAL EQUITY FUND, ABERDEEN GLOBAL ETHICAL WORLD EQUITY FUND, ABERDEEN GLOBAL RESPONSIBLE WORLD EQUITY FUND, ABERDEEN GLOBAL WORLD EQUITY DIVIDEND FUND, ABERDEEN GLOBAL WORLD EQUITY FUND, ABERDEEN GLOBAL WORLD RESOURCES EQUITY FUND, ABERDEEN EMERGING MARKETS EQUITY FUND, ABERDEEN ETHICAL WORLD EQUITY FUND, ABERDEEN MULTI-ASSET FUND, ABERDEEN WORLD EQUITY FUND, ABERDEEN WORLD EQUITY IN, ABERDEEN LATIN AMERICA EQUITY FUND, INC., ABERDEEN LATIN AMERICA EQUITY FUND, INC., AAAID EQUITY PORTFOLIO, ALBERTA TEACHERS RETIREMENT FUND, AON HEWITT INVESTMENT CONSULTING, INC., AURION INTERNATIONAL DAILY EQUITY FUND, BELL ALIANT REGIONAL COMMUNICATIONS INC., BMO GLOBAL EQUITY CLASS, CITY OF ALBANY PENSION PLAN, DESJARDINS DIVIDEND INCOME FUND, DESJARDINS EMERGING MARKETS FUND, DESJARDINS EMERGING MARKETS FUND, DESJARDINS GLOBAL ALL CAPITAL EQUITY FUND, DESJARDINS OVERSEAS EQUITY VALUE FUND, DEVON COUNTY COUNCIL GLOBAL EMERGING MARKET FUND, DEVON COUNTY COUNCIL GLOBAL EQUITY FUND, DGIA EMERGING MARKETS EQUITY FUND L.P., ERIE INSURANCE EXCHANGE, FIRST TRUST / ABERDEEN EMERGING

3

OPPORTUNITY FUND, GE UK PENSION COMMON INVESTMENT FUND, HAMPSHIRE COUNTY COUNCIL GLOBAL EQUITY PORTFOLIO, LONDON BOROUGH OF HOUNSLOW SUPPERANNUATION FUND, MACKENZIE UNIVERSAL SUSTAINABLE OPPORTUNITIES CLASS, MARSHFIELD CLINIC, MOTHER THERESA CARE AND MISSION TRUST, MTR CORPORATION LIMITED RETIREMENT SCHEME, MYRIA ASSET MANAGMENT EMERGENCE, M, NATIONAL PENSION SERVICE, AND NPS TRUST ACTIVE 14, OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, WASHINGTON STATE INVESTMENT BOARD, ABERDEEN LATIN AMERICAN INCOME FUND LIMITED, ABERDEEN GLOBAL EX JAPAN PENSION FUND PPIT, FS INTERNATIONAL EQUITY MOTHER FUND, NN INVESTMENT PARTNERS B.V., ACTING IN THE CAPACITY OF MANAGEMENT, NN INVESTMENT PARTNERS B.V., ACTING IN THE CAPACITY OF MANAGEMENT COMPANY OF THE MUTUAL FUND NN GLOBAL EQUITY FUND, NN INVESTMENT PARTNERS B.V., ACTING IN THE CAPACITY OF MANAGEMENT COMPANY OF THE MUITUAL FUND NN HOOG DIVIDEND AANDELEN FONDS, NN INVESTMENT PARTNERS B.V., ACTING IN THE CAPACITY OF MANAGEMENT COPMANY OF THE MUTUAL FUND NN INSTITUTIONEEL DIVIDEND AANDELEN, NN INVESTMENT PARTNERS LUXEMBOURG S.A., ACTING IN THE CAPACITY OF MANAGEMENT COMPANY SICAV AND ITS SUB-FUNDS, AND NN (L) SICA, FOR AND ON BEHALF OF NN (L) EMERGING MARKETS HIGH DIVIDEND, NN (L) FIRST, AURA CAPITAL LTD., WGI EMERGING MARKETS FUND, LLC, BILL AND MELINDA GATES FOUNDATION TRUST, BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM, TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP, DBA KAMEHAMEHA SCHOOLS, LOUIS KENNEDY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, KEN NGO, INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED, CITY OF PROVIDENCE, INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED, HANDELSBANKEN FONDER AB, PUBLIC EMPLOYEE RETIREMENT SYSTEM OF IDAHO, PETER KALTMAN, INDIVIDUALLY AND ON BEHALF OF

4

ALL OTHERS SIMILARLY SITUATED, UNION ASSET MANAGEMENT HOLDING AG, JONATHAN MESSING, INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED,

*Plaintiffs*,

v.

MARIANGELA MOINTEIRO TIZATTO, JOSUE CHRISTIANO GOME DA SILVA, DANIEL LIMA DE OLIVEIRA, JOSE SERGIO GABRIELLI, SILVIO SINEDINO PINHEIRO, PAULO ROBERTO COSTA, JOSE CARLOS COSENZA, RENATO DE SOUZA DUQUE, GUILLHERME DE OLIVEIRA ESTRELLA, JOSE MIRANDA FORMIGL FILHO, MARIA DAS GRACAS SILVA FOSTER, ALMIR GUILHERME BARBASSA, SERVIO TULIO DA ROSA TINOCO, PAULO JOSE ALVES, GUSTAVO TARDIN BARBOSA, ALEXANDRE QUINTAO FERNANDES, MARCOS ANTONIO ZACARIAS, CORNELIS FRANCISCUS JOZE LOOMAN, SANTANDER INVESTMENT SECURITIES INC., BANCO VOTORANTIN NASSAU BRANCH, PETROLEO BRASILEIRO S.A. PETROBRAS, BB SECURITIES LTD., THEODORE MARSHALL HELMS, PETROBRAS GLOBAL FINANCE B.V., PETROBRAS AMERICA INC., JOSE RAIMUNDO BRANDA PEREIRA, CITIGROUP GLOBAL MARKETS INC., JP MORGAN SECURITIES LLC, MORGAN STANLEY & CO. LLC, MITSUBISHI UFJ SECURITIES (USA), INC., HSBC SECURITIES (USA) INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, STANDARD CHARTERED BANK, BANK OF CHINA (HONG KONG) LIMITED, BANCO BRADESCO BBI S.A., BANCA IMI, S.P.A., SCOTIA CAPITAL (USA) INC., PRICEWATERHOUSECOOPERS AUDITORES INDEPENDENTES, ITAU BBA USA SECURITIES, INC.,

*Defendants*.

Appearing for *Objector-Appellant*: ANNA ST. JOHN (Theodore H. Frank, Adam E. Schulman, *on the brief*), Competitive Enterprise

5

|                                    | Institute, Center for Class Action Fairness, Washington, DC. |
| Appearing for *Plaintiffs-Appellees*: | JEREMY A. LIEBERMAN (Emma Gilmore, Brenda Szydlo, Jennifer Banner Sobers, *on the brief*), Pomerantz LLP, New York, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on August 16, 2018, is **AFFIRMED** in part and **VACATED** in part and the case is **REMANDED** for further proceedings.

Objector-Appellant William Thomas Haynes, as trustee for the benefit of the W. Thomas and Katherine Haynes Irrevocable Trust for the benefit of Sara L. Haynes, appeals from an order of the district court granting in part and denying in part his application for attorneys' fees. Haynes objected to both the district court's certification of the settlement class in this case and certain aspects of class counsel's request for attorneys' fees. The district court overruled all of Haynes's certification objections and found most of his fee objections unhelpful. But the district court did reduce class counsel's fee award by approximately $46 million based on Haynes's objection that Plaintiffs improperly classified certain costs. Haynes then sought $199,400 in attorneys' fees based on his objections. The district court awarded $11,731.65 in fees, which, according to the district court, represented a reasonable fee for the hours spent on

6

Haynes's one successful objection. *See generally In re Petrobras Sec. Litig.*, 320 F. Supp. 3d 597, 599–602 (S.D.N.Y. 2018). This appeal follows. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A district court's fee award is reviewed for abuse of discretion. *See Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000). This Court has recognized the "valuable and important role" of objectors, holding that objectors are "entitled to an allowance as compensation for attorneys' fees and expenses where a proper showing has been made that the settlement was improved as a result of their effort." *See White v. Auerbach*, 500 F.2d 822, 828 (2d Cir. 1974). "Ordinarily the trial judge has broad discretion in deciding whether, and in what amount, attorneys' fees should be awarded, since he is in the best position to determine whether the participation of objectors assisted the court and enhanced the recovery." *Id.* However, judges can still abuse this broad discretion where they make errors of law. *See Kickham Hanley P.C. v. Kodak Ret. Income Plan*, 558 F.3d 204, 209 (2d Cir. 2009).

This appeal all boils down to parsing. That is, should the district court have looked only to Haynes's successful objection when calculating a reasonable attorneys' fee? Both sides appear to agree that we have not required a different lodestar analysis when the fee seeker is an objector rather than a party to the underlying litigation. But both latch on to different language from *Hensley v. Eckerhart*, 461 U.S. 424 (1983), concerning the appropriate attorneys' fee here. Haynes insists that "[w]here a[n] [objector] has obtained

7

excellent results, his attorney should recover a fully compensatory fee." *See id.* at 435.

Plaintiffs, on the other hand, contend that Haynes's objections were "based on different facts and legal theories" such that his "work on [the] unsuccessful [objections] cannot be deemed to have been expended in pursuit of the ultimate result achieved," and "therefore no fee may be awarded for services on the unsuccessful [objections]." *See id.* at 434–35 (internal quotation marks omitted).

Haynes has the short end of the stick in one respect. He invites us to adopt a level of generality that would broadly frame the relevant issue as "protecting the class." We decline to do so and conclude that Haynes's objections to the certification of the settlement class (subclass issues) are unrelated to his objections to Plaintiffs' attorneys' fees (improper billing practices). We therefore affirm the aspects of the district court's order which denied fees for his unsuccessful objections to the settlement.

However, we are not sure that Haynes's *fee* objections are as unrelated as Plaintiffs would have it. In *Hensley*, the Court noted that "[t]here is no precise rule or formula for making [the] determination" whether a plaintiff's claims are or are not related. *Id.* at 436. But the Court stated that where a party's "claims for relief . . . involve a common core of facts or will be based on related legal theories," a "fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Id.* at 435. Indeed, "[l]itigants in good faith may raise alternative legal grounds for a

8

desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *Id.*

Here, it seems to us that many of Haynes's fee objections may in fact "involve a common core of facts," all relating to Plaintiff's alleged overbilling, use of foreign attorneys, and other case-related factual questions. For instance, as to both Plaintiffs' Brazilian attorneys *and* its domestic attorneys, Haynes argued that Plaintiffs made the same mistake: they did not submit a fee request *at cost* for nonlegal work. Haynes contended, then, that there was a recognizable pattern and method of overbilling across Plaintiffs' attorneys. Similarly, Haynes argued that Plaintiffs did not submit sufficient billing summaries as to *any* of its attorneys. These links between Haynes's fee objections suggest to us a potential common core of facts. Unfortunately, it is impossible for us to properly apply the relevant standard of review—abuse of discretion—because the district court entirely failed to explain its thought process on this point. It did not explain whether it simply did not *consider* if all the arguments made in Haynes's objection were sufficiently related to justify a larger fee award, or whether it *did* consider it but decided that the arguments were not sufficiently related. Moreover, the district court did not explain how or whether it took account of *Hensley*'s directive that, when awarding attorneys' fees, judges must exercise their discretion in accordance with the principle that "[t]he most critical factor is the degree of success obtained." *Id.* at 436.

9

In general, we require district courts to provide a "concise but clear explanation of its reasons" for excluding time from an award of attorneys' fees. *Id.* at 437. This requirement that a court 'state its reasons for excluding . . . hours as specifically as possible" is crucial "in order to permit meaningful appellate review." *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998) (internal quotation marks omitted). We therefore vacate and remand for the district court to fully explain whether, and why, it deemed Haynes's various arguments so separate as to warrant being "viewed as a series of discrete claims." *Hensley*, 461 U.S. at 435.

Similarly, with respect to the district court's denial of Haynes's request for fees for "all inclusive" activities—that is, satisfying the class notice requirements, preparing for the fairness hearing, and responding to discovery requests—we are unable to properly evaluate the district court's decision based on the current record. We have not directly opined on whether such activities, in which an objector's participation is necessary to enable him to pursue his objections at all, should be considered when determining a reasonable attorneys' fee for the objector. The only case cited by the parties that is on point is another Center for Class Action Fairness ("CCAF") objection case out of the Northern District of California. *See In re Transpacific Passenger Air Transp. Antitrust Litig.*, No. 07-5634, 2015 WL 4776946 (N.D. Cal. Aug. 13, 2015). In that case, the district court had overruled all of CCAF's objections to the settlement and found most of its fee objections unhelpful, yet the court nonetheless awarded CCAF 90% of its lodestar. *Id.* at

10

*1 & n.1. The court noted that CCAF had admitted that it spent "very little" time identifying the issue on which it raised a successful objection but had "argu[ed] persuasively that it would have been quite impossible for Ms. Yang to raise the Rule 23(h)(1) violation with the Court if her attorneys had not spent the initial 200+ hours preparing a timely objection and defending Ms. Yang from . . . discovery." *Id.* at *2 (second alteration in original) (internal quotation marks omitted).

So too here. It is undisputed that Haynes was subject to discovery if he chose to participate as an objector. *See* Notice of Settlement at 27, *In re Petrobras Secs. Litig.*, 320 F. Supp. 3d 597 (No. 14-cv-9662), ECF No. 789-2 ("If you object to either the Settlement or the requested reimbursement of expenses, you subject yourself to the jurisdiction of the District Court in this matter and consent to being deposed in your district of residence and producing in advance of a deposition any responsive documents to a discovery request prior to the Settlement Hearing. If you refuse to comply with the relevant discovery described above your objection will be deemed invalid."). The district court therefore reasonably could have concluded that it "would have been quite impossible" for Haynes to raise his successful objection without hours spent on those preliminary matters. *See Transpacific*, 2015 WL 4776946, at *2. The court also may have decided that the hours billed were unreasonable. But we do not know because the district court did

11

not say.[1]  We therefore also vacate this aspect of the district court's order and remand for further proceedings.

We have considered Haynes's remaining arguments and find them to be without merit.  The order of the district court is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] Plaintiffs insist that the fault is Haynes's for failing adequately to quantify the hours spent on these "all inclusive" activities.  *See* Appellee Br. at 52–57.  Perhaps so, but again, the district court gave no indication that it even considered these activities when determining a reasonable fee award.